[Civ. No. 164. Fourth Appellate District.—November 3, 1931.]

## N. H. SANFORD, Respondent, v. A. E. HARGROVE, etc., Appellant.

McFadden & Holden for Appellant.

Head, Wellington & Jacobs for Respondent.

BARNARD, P. J.—This action was brought by the plaintiff to recover one-half of an amount collected by the defendant as a commission for the sale of certain real estate. The defendant was a real estate broker and the plaintiff was for some years employed in defendant's office as a real estate salesman. Except as herein pointed out, it is agreed that the plaintiff was to receive one-half of any commission earned when he produced a purchaser for property listed for sale. In the matter here in controversy, as admitted by the answer, one F. C. Wilson listed certain property with the defendant for sale, and a buyer procured by the plaintiff entered into a written contract to purchase the property. Thereafter, Wilson refused to pay the commission and this defendant brought suit and recovered judgment, which was affirmed on appeal, and the defendant received $5,783.54 as commission

on the deal. It appears that three other suits were filed by this defendant to collect commissions, the claims for which arose while this plaintiff was employed by the defendant. In the first of these other actions, one Glenn was sued and an attachment was levied upon the furniture in an apartment house containing eight apartments. This plaintiff advanced $50 to the sheriff in connection with this attachment and later, this defendant took over a conditional sales contract under which said furniture was being sold to Glenn, paying the vendor of the furniture the sum of $100 for his interest. Subsequently, the defendant disposed of the furniture, and returned to this plaintiff the $50 advanced by him. The other two suits filed were against W. C. Steffens and C. U. Paxton, respectively, in both of which actions this defendant failed to recover.

In his answer to this action the defendant sets up as a defense that in the original oral agreement between the parties hereto, it was agreed that in case any commission should be earned and not paid, suit should be brought to recover the same and prosecuted to final judgment, and that each party would pay one-half of the costs and attorneys' fees necessitated by such a suit. It is then alleged that the plaintiff, upon discovering that the Glenn attachment was uncollectable, stated to the defendant that he would not prosecute any other actions for the collection of commissions, that he would not be bound by his agreement in respect to prosecuting claims for commissions, and that he would not be responsible for any further costs of litigation. It is alleged that at that time the Steffens, Paxton and Wilson claims were all in the office and still uncollected. It is further alleged that on the day the Steffens action was set for trial, the plaintiff refused to appear therein as a witness; that he refused to pay any further expenses in connection with any litigation over commissions earned; that he stated that he would have nothing further to do with any of the claims; and that the plaintiff thereupon left the office of defendant and has never returned. It is then alleged that the plaintiff broke his agreement and repudiated and abandoned any interest in the Wilson claim. After a trial, the court found that all of the allegations of the plaintiff's complaint were true; that it was not true that the original agreement between the parties provided for the bringing of

suits to recover all commissions not paid, and for the division of expenses in every case; that it was not true that the plaintiff told the defendant that he did not care to prosecute any other claims arising under his employment; and that the plaintiff did not ask the defendant to release him from liability for any further costs of litigation. The court further found that the plaintiff did not repudiate his agreement with the defendant, nor abandon his claim for commissions earned during the time of his employment. Judgment was entered for $2,338.29, being one-half of the amount collected by the defendant on the Wilson claim, less one-half of the costs and expenses incurred in the collection thereof. From this judgment the defendant has appealed.

■ The appellant attacks specifically most of the findings made by the trial court, upon the ground that the same are not sustained by the evidence. While some fourteen points are raised, so far as they are material or important, they fall into two groups, namely, one to the effect that an additional agreement to prosecute all disputed claims for commissions and to divide the expense was never made, and the other to the effect that the respondent had never abandoned his claim to an interest in any commission that should be recovered from Wilson.

Taking up the first group, to the effect that no such additional agreement was made. The respondent testified that no such agreement was ever made, and that nothing was said along that line. A witness named Fowler testified that he was employed as a salesman in the same office during the same time; that his oral contract of employment was similar to that under which the respondent was working; that at the time he was employed nothing was said by the appellant about the payment of costs or attorneys' fees, in the event any suit should be started to recover commissions; and that nothing was ever said concerning such costs or attorneys' fees. The appellant testified that his agreement with the respondent was the same agreement he had always used, and that it was exactly the same as his agreement with his other salesmen. There was also introduced in evidence a letter signed by the appellant, setting forth details of the arrangement under which the salesmen were supposed to work, a copy of which letter was given to each of the salesmen, including the respondent, during the term of their

employment. While this letter sets forth in considerable detail how deals were to be handled and how the proceeds were to be divided, it contains nothing about an additional agreement as to costs and attorneys' fees. Respondent's testimony is further corroborated by the fact that when an attempt was first begun to collect the Wilson commission, the parties talked over the matter and then agreed what should be done. The appellant testified as follows:

"A. I told him I felt we had earned the commission and I wanted to collect it and he agreed with that, that the deal had been put up to Wilson fair and square and we should be paid.

"Q. What did he tell you? To go ahead and try to collect it?

"A. Yes, to do anything I could to get the thing started in a way that it could be collected."

It fully appears that at that time the appellant conceded that the respondent was entitled to share in the proceeds of that claim. In this connection, the appellant argues that the fact that the respondent advanced $50 for costs in the Glenn suit conclusively proves the existence of an agreement to bring suit in all cases and share in the expense. At best, it is only some evidence, the value of which is lessened by the fact that a separate agreement was made in the Wilson case, indicating the absence of a general agreement. Appellant complains of a finding that he had never accounted to the respondent for the proceeds of their claim in the Glenn case. That finding is amply supported by the evidence, although we can see no materiality of the finding in the case before us.

In regard to the second group of findings to the effect that the respondent had never abandoned his interest in the Wilson claim. The respondent testified and the court found that no such an abandonment had taken place, and that nothing had ever been said between the parties relating to an abandonment by the respondent of the Wilson claim. Respondent testified that nothing had ever been said about releasing any claim, except that he had told appellant that he would have nothing to do with the Paxton and Steffens claims because the appellant had never secured the signatures of all the parties to that deal, and the respondent did not think they were entitled to a commission. The appellant

testified that before proceedings were started to collect the Wilson claim, he talked the matter over with the respondent and they agreed that he should go ahead. He also testified that from that time until the respondent demanded his share of the Wilson payment, after the judgment was affirmed, he had had no conversation with the respondent. Appellant complains of the court's findings that the respondent was justified in not desiring to press the claims against Steffens and Paxton. This finding is amply supported by the evidence, but again, it is not material, as an abandonment of the claims against these parties would not show an abandonment of the claim against Wilson, and the court found against the existence of any contract that all claims should be pressed by court action.

It would serve no useful purpose to take up separately each point raised by the appellant and quote the evidence sustaining that particular finding. Every material finding and most, if not all, of those not material, are supported not only by the evidence but by a preponderance thereof. Nothing more than a conflict in the evidence is pointed out by the appellant, and the familiar rules apply.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.